# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 21, 2019

| | |
|---|---|
| * * * * * * * * * * * * * | |
| DOREEN DILEO,            * | UNPUBLISHED |
| * | |
| Petitioner,    * | No. 16-1639V |
| * | Special Master Gowen |
| v.                       * | |
| * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH    * | |
| AND HUMAN SERVICES,    * | |
| * | |
| Respondent.    * | |
| * * * * * * * * * * * * * | |

Nancy R. Meyers, Greensboro, NC, for Petitioner.
Gabrielle M. Fielding, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS**[1]

On October 22, 2018, Doreen Dileo ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 50). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of **$34,765.87**.

I.  **Procedural History**

On December 13, 2016, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner initially alleged that she developed Guillain-Barré Syndrome ("GBS") as a result of her October 22, 2015 influenza ("flu") vaccination. The parties filed a Stipulation on October 3, 2018 (ECF No. 44), which I adopted as

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

my Decision awarding damages on the same day (ECF No. 45).

On October 22, 2018, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Ms. Nancy Meyers, in the total amount of $35,349.49, representing $27,135.00 in attorneys' fees and $8,214.49 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner indicates that she has not incurred any expenses in this case. Fees App. Ex. 1 at 1.

Respondent reacted to the fees motion on October 23, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 51). Also on October 23, 2018, Petitioner filed her Reply, concurring with Respondent's recommendation that I exercise my discretion and determine a reasonable award for fees and costs in this case. Reply at 1 (ECF No. 52). The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master shall award reasonable attorney's fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1). Petitioner in this case was awarded compensation pursuant to a stipulation, and therefore she is entitled to an award of reasonable attorney's fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards sua sponte, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests that her attorney, Ms. Meyers, be compensated at $350.00 per hour for work performed in 2016 and 2017 and at $375.00 per hour for work performed in 2018. For paralegal work, Petitioner requests that all work be compensated at $145.00 per hour irrespective of year. Fees App. Ex. 2 at 2. The rates requested herein have consistently been awarded to her in Vaccine Program cases and require no adjustment. *See Porges v. Sec'y of Health & Human Servs.*, No. 15-427V, 2018 WL 2772241, at *3 (Fed. Cl. Spec. Mstr. May 7, 2018); *Drake v. Sec'y of Health & Human Servs.*, No. 16-732V, 2018 WL 4391065, at *2 (Fed. Cl. Spec. Mstr. Aug. 20, 2018).

Upon review of the billing entries, I find the time billed by Ms. Meyers (43.2 hours) to be reasonable and thus no adjustment to those hours is necessary. The time billed by paralegals (80.5), however, requires a minor reduction for several reasons. Most notably is that paralegals have

consistently engaged in block-billing. Block-billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored. *Broekelschen*, 102 Fed. Cl. 719, 729 (reducing petitioner's attorneys' fees and criticizing her for block-billing); *see also Jeffries v. Sec'y of Health & Human Servs.*, 2006 U.S. Claims LEXIS 411, at *8 (Fed Cl. Spec. Mstr. Dec. 15, 2006); *Plott v. Sec'y of Health & Human Servs.*, 1997 U.S. Claims LEXIS 313, at *5 (Fed. Cl. Spec. Mstr. April 23, 1997). Indeed, the Vaccine Program's *Guidelines for Practice* state, "Each task should have its own line entry indicating the amount of time spent on that task. Several tasks lumped together in the same time entry frustrates the court's ability to assess the reasonableness of the request."[3] For example, one entry on 6/28/17 reads:

> Update proposed Exhibit 19 with most recent records of client received from Neurology PA (Dr. Montoya). Revise face sheet, scan, and re-paginate in preparation for filing with the Court. Receipt and review of updated records from client's pulmonologist, Dr. Bobe. Update proposed Exhibit 18 with most recent records from Dr. Bobe. Revise face sheet, scan and re-paginate in preparation for filing with the Court. Prepare draft Notice of Filing to include client's latest records received in response to our request letters. Prepare updated Exhibit List to include exhibits 18-20.

Fees App. Ex. 2 at 27. Entries such as this do not allow me to ascertain the reasonableness of each task performed, particularly when these entries include elements of non-compensable administrative/clerical work, such as scanning and paginating documents. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989). Administrative tasks such as scanning documents or coordinating payment for medical records/expert services were included in many other billing entries (for example, entries on 6/17/16, 7/13/16, 7/15/16, 9/20/16, 4/18/17, 6/26/17, and 10/23/17). *See generally* Fees App. Ex. 2.

For all these reasons, I find it appropriate to reduce the amount billed by paralegals by 5%. The submitted records indicate that total billed paralegal time is $11,672.50. Accordingly, Petitioner's award of attorneys' fees is reduced by **$583.62**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $8,214.49, covering the filing fee, postage, medical records, and the expert services of Dr. Lawrence Steinman. Fees App. Ex. 3. Dr. Steinman's rate of $500.00 per hour for his services has been consistently awarded in Vaccine Program cases. *See Quackenbush-Baker v. Sec'y of Health & Human Servs.*, No. 14-1000V, 2018 WL 4090640, at *3 (Fed. Cl. Spec. Mstr. July 31, 2018). Additionally, I find the hours spent on this matter (14.25) reasonable in light of the work performed on this case, include record review and preparation of an expert report. Accordingly, this cost shall be reimbursed in full.

The remaining costs are those typical of Vaccine Program litigation. Petitioner has

---

[3] The Guidelines are available at
http://www.cofc.uscourts.gov/sites/default/files/18.11.05%20Vaccine%20Guidelines.pdf.

provided adequate documentation for all these costs, and they too shall be awarded in full. Petitioner is therefore entitled to final award of attorneys' costs in the amount of **$8,214.49**.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $27,135.00 |
| (Total Reduction from Rate Adjustment) | - $583.62 |
| **Total Attorneys' Fees Awarded** | **$26,551.38** |
| | |
| Attorneys' Costs Requested | $8,214.49 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$8,214.49** |
| | |
| **Total Amount of Attorneys' Fees and Costs** | **$34,765.87** |

**Accordingly, I award a lump sum in the amount of $34,765.87, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Ms. Nancy Meyers.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).